UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM LEE STEWART, JR., | ) Case No. CV 16-7396-JFW(AJW) |
| Petitioner, | ) MEMORANDUM AND ORDER |
| v. | ) DISMISSING PETITION |
| DEBBIE ASUNCION, Warden, | ) |
| Respondent. | ) |

   In 1984, petitioner pleaded guilty to two counts of first degree murder and three counts of assault with a deadly weapon. In addition, petitioner admitted the special circumstance allegations. Petitioner was sentenced to state prison for a term of life without the possibility of parole. [Petition at 2].

   On October 4, 1991, petitioner filed a petition for a writ of habeas corpus in this Court challenging his 1984 conviction. Case No. CV 91-539-RMT(EE). The petition alleged that petitioner's guilty plea was involuntary because it was a result of ineffective assistance of counsel. After two evidentiary hearings, the petition was denied on the merits. Petitioner appealed, and the Ninth Circuit affirmed the judgment. Stewart v. Borg, 69 F.3d 544 (9th Cir. 1995) (unpublished disposition).

On February 28, 2001, petitioner filed a request for leave to file a second or successive petition in the Ninth Circuit Court of Appeals. Case No. 01-70318. The request was denied on April 16, 2001. [Lodged Document No. 6].

Petitioner filed the current petition for a writ of habeas corpus on October 3, 2016.[1] The petition raises three claims for relief: (1) "Under the Fourteenth Amendment of the U.S. Constitution Equal Protection & Due Process Clauses by not following California Penal Code 1385 dealing with special circumstances"; (2) the California Court of Appeal failed to "follow established law concerning special circumstances allegations after a defendant has successfully completed an extensive rehab [sic] prior"; (3) the California Supreme Court failed to follow established law in denying petitioner's habeas corpus petition because it failed to take into account that petitioner "sought consideration to strike special circumstances." [Petition at 5-6]. Based upon petitioner's allegations, it appears that the petition challenges petitioner's conviction of the special circumstance allegation.[2]

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

---

[1] Petitioner has filed at least four other habeas corpus petitions in this Court, all of which were dismissed as successive. See Case Nos. CV 96-8661-GHK(AJW); CV 00-6888-RJK(AJW); CV 00-10904-CM(AJW); CV 16-4728-JFW(AJW).

[2] To the extent that petitioner might attempt to state a claim based upon the state courts's alleged error in deciding his habeas corpus petitions, he cannot do so. Allegations of error during a state habeas corpus proceeding are attacks on a proceeding collateral to the one that resulted in petitioner's custody, and therefore do not provide a basis for federal habeas relief. See Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997), cert. denied, 525 U.S. 903 (1998); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir.) (per curiam), cert. denied, 493 U.S. 1012 (1989).

1 | appropriate court of appeals for an order authorizing the district
2 | court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent
3 | authorization from the Court of Appeals, this Court lacks jurisdiction
4 | over a successive petition. See Magwood v. Patterson, 561 U.S. 320,
5 | 330-331 (2010); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir.
6 | 2001), cert. denied, 538 U.S. 984 (2003).

Because petitioner has not obtained leave from the Court of Appeals to file a successive petition, the petition is dismissed for lack of jurisdiction.[3]

**It is so ordered.**

Dated: March 1, 2017

_____
John F. Walter
United States District Judge

---

[3] Ninth Circuit Rule No. 22-3(a) provides that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Because the circumstances indicate that petitioner intentionally filed this action in this Court, not that he did so mistakenly, Rule 22-3(a) is inapplicable. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.